Arthur A. Wellman, Jr. (SBN 178309)
3852 Wildwood Road
San Diego, CA 92107
Tel. (619) 223-6014
Fax (619) 523-9228
awellman@wellmanlawgroup.com

Attorneys for Plaintiff,
Clarilogic, Inc.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARILOGIC, INC., a corporation<br><br>Plaintiff,<br><br>vs.<br><br>FORMFREE HOLDINGS CORPORATION, a corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **'15 CV 0041 BAS NLS**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF: INVALIDITY, UNENFORCEABILITY, AND/OR NON-INFRINGEMENT OF U.S. PATENT NO. 8,762,243; and DEMAND FOR JURY TRIAL** |

Plaintiff, Clarilogic, Inc., for its complaint against defendants, FormFree Holdings Corporation ("FormFree") and the DOES, alleges as follows:

# **JURISDICTION**

1.      This is an action for declaratory judgment of invalidity, unenforceability and/or non-infringement of a United States Patent, arising out of the patent laws of the United States, Title 35 of the United States Code.  Jurisdiction is based on 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2.      On information and belief, United States Patent No. 8,762,243 issued from the United States Patent and Trademark office on June 24, 2014 based upon an application (Serial No. 13/354,411, the "'411 Application") filed January 20, 2012.

3.      A true and correct copy of the '243 patent is attached hereto as Exhibit A and incorporated by reference.

4.      FormFree claims to be the owner by assignment of all right, title and interest in and to the '243 patent.

5.      FormFree recently directed a letter to Clarilogic, addressing and sending it to Clarilogic within this Judicial District.  A true and correct copy of the letter (without attachments) is attached hereto as Exhibit B and its allegations, admissions and demands are incorporated by reference.

6.      FormFree contends that Clarilogic's provision (through its dba DecisionLogic) of its Instant Account Verification ("IAV") service "constitutes patent infringement under the laws of the United States."  (*See* Ex. B at 1.)

7.      FormFree accuses DecisionLogic's IAV service of "literal infringement of the '243 patent," and characterizes FormFree "[a]s an infringer of the '243 patent."  (*See* Ex. B at 1, 5.)

8.      FormFree has alleged that "DecisionLogic is liable to FormFree for monetary damages caused by its infringing actions," and that DecisionLogic "may also be subject to an injunction directing [it] to immediately stop providing [the IAV] service."  (*See* Ex. B at 5.)

9.      FormFree has demanded that Clarilogic "immediately cease any further use, sale, and advertising of IAV," amongst other things.  (*See* Ex. B at 5.)

Compl.                                                                                                15cv_____

10.     FormFree has demanded a "favorable response and compliance" within a week of the receipt of its letter, and stated that if DecisionLogic failed to comply, "FormFree w[ould] seek any and all remedies afforded under the law."  (*See* Ex. B at 5.)

11.     Clarilogic's development, utilization, commercialization, and publication of documents disclosing and explaining its IAV service date back at least as far as 2010, predating the filing of the '411 Application by more than a year.

12.     Clarilogic is informed, believes and thereon alleges that it does not infringe the claims of the '243 patent and that one or more of the claims are invalid.

13.     Clarilogic is informed, believes, and thereon alleges that the '243 patent is also unenforceable.

14.     Clarilogic does not intend to cease offering its IAV service or capitulate to any of the other demands made by FormFree and therefore respectfully submits that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment and other relief sought herein.

15.     Clarilogic requests a judicial determination and declaration of the respective rights and duties of the parties based on the disputes recited herein. Clarilogic respectfully submits that such a determination and declaration are necessary and appropriate at this time so the parties may ascertain their respective rights and duties regarding the non-infringement, unenforceability, and invalidity of the '243 patent.

16.     Clarilogic respectfully submits that FormFree's acts have created an actual, justiciable controversy between the parties regarding the invalidity, enforceability, and non-infringement by Clarilogic of the '243 patent.

## **VENUE**

17.    Clarilogic is a California corporation, with a principal place of business within this Judicial District at: 9820 Willow Creek Road, Suite 310, San Diego, California 92131.

18.    Clarilogic does business within this Judicial District as DecisionLogic.

19.    On information and belief, defendant FormFree is a Georgia corporation listing its principal office address as:

3495 Peachtree Parkway, Suite D-177, Johns Creek, Georgia, 30024.

20.    FormFree's website lists its "Strategic Partners" (www.formfree.com/partners) to include a number of entities with substantial presences in California (one in this Judicial District), including:

      a.    EllieMae, a company listing "corporate headquarters" in Pleasanton, California and with an office in San Diego, listed at: 9635 Granite Ridge Drive, Suite 130, San Diego, California 92123;

      b.    MeridianLink, which it represents as "[h]eadquartered in southern California," which on information and belief, is located in Costa Mesa, California;

      c.    Roostify, on information and belief a company based in San Francisco, California that facilitates real estate transactions in California;

      d.    Seyfarth Shaw, on information and belief a law firm with offices in Sacramento, San Francisco, and Los Angeles, California indicating it has hundreds of attorneys in California; and

      e.    Veri-tax, a company listing its address in California, at: 30 Executive Park, Suite 200, Irvine, California 92614.

21.    On information and belief, FormFree has sought to, and done business with customers in California and within this Judicial District.

Compl.                                                                          15cv_____

22.    On information and belief, FormFree advertises its services to persons within this Judicial District, via: its website at: www.formfree.com; twitter at: twitter.com/formfree; facebook at: facebook.com/formfree; and LinkedIn at: linkedin.com/company/482583.

23.    As is set forth in part above, and in Exhibit B, FormFree chose to direct communications to a resident of this Judicial District, Clarilogic, accusing Clarilogic/DecisionLogic within this Judicial District of "infringement of the '243 patent" by its "use, sale, and advertising" of the IAV service.  (*See* Ex. B at 1-6.)

24.    Clarilogic has offered its IAV service for sale and/or advertised its IAV service within this Judicial District and intends to continue to do so.

25.    Clarilogic has used its IAV service within this Judicial District and intends to continue to do so.

26.    Clarilogic has sold its IAV service within this Judicial District and intends to continue to do so.

27.    Clarilogic therefore respectfully submits that Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b)(2), (c)(2), and (d).

## MORE ON THE PARTIES, PRODUCTS AND MARKETS

28.    There are a variety of products and/or services that electronically certify account information, some of which were disclosed in the public domain over a decade ago.

29.    As the United States Patent and Trademark Office ("USPTO") explained to FormFree, through its prosecuting counsel, during prosecution of the applications to which the '243 patent claims priority, patent applications published in 2003 and 2004 disclose systems that electronically certify account information.

30.     FormFree has admitted that a patent application published in 2004 "is directed to a method for an open-architecture system [that] automatically consolidates information from a plurality of financial systems into a single accounting system without the need for expensive and time-consuming manual backroom procedures."

31.     FormFree has admitted that a patent application published in 2004 "is directed to a method of automating the process used by an individual for viewing and requesting correction of data that is the basis of a credit score," via an "analysis of individual transactions."  FormFree has characterized this publication as "reconciling contradictions between data sources."

32.     Prior to 2010, Clarilogic developed a product and service that could electronically certify account information that was eventually offered on the market and disclosed in written publications in 2010.  That product was called "Instant Account Verfication," or IAV, and is offered through the dba of DecisionLogic, which is wholly owned by Clarilogic.

33.     From launch through today, sales of service that electronically certifies account information and related goods and services account for nearly all sales by DecisionLogic.

34.     On information and belief, FormFree offers for sale and sells a product or products that electronically certify account information.

35.     In certain markets, Clarilogic and FormFree are direct competitors.

36.     Recently, as one example, both Clarilogic and FormFree made pitches to QuickenLoans to provide a product or products that would electronically certify account information.  On information and belief, FormFree won that bid by explaining that their product performed one or more steps that Clarilogic's product does not perform (which Clarilogic confirmed), including but not limited to performing a risk analysis based upon the data gathered.

Compl.                                                                                     15cv_____

37.     On information and belief, FormFree sees Clarilogic as a current competitor in certain markets, and a potential competitor in other markets.

38.     Based in part upon results that have been made public by public companies, in which they realized substantial reductions in their default rates for accounts for which they utilized Clarilogic's IAV system (when compared with their current methods), Clarilogic's business has been expanding rapidly.

39.     On information and belief, each of the fictitiously named Defendants, DOES 1 through 25, inclusive, were responsible in some manner for the occurrences herein alleged and proximately caused plaintiff's damages and/or each was acting as agent for the others and/or FormFree.

## FORMFREE'S PATENT APPLICATIONS

40.     On information and belief, the '411 Application claims priority to three previously filed applications: U.S. Application Serial No. 12/211,599 (the "Abandoned Application"); U.S. Provisional Application No. 61/079,761 (the "Second Provisional"); and U.S. Provisional Application No. 61/008,997 (the "First Provisional").

### The First Provisional

41.     On information and belief, the First Provisional was filed on December 26, 2007 by named inventor Chadwick Glenn Jenkins.

42.     On information and belief, the specification of the First Provisional as originally filed comprised 4 written pages (including the Abstract) and 3 figures.

43.     On information and belief, the specification of the First Provisional does not contain the words "risk," "algorithm," or "algorithm engine."

44.     On information and belief, the First Provisional does not teach or disclose a step including "applying an algorithm engine to the financial account data."

Compl.                                                                                    15cv_____

45.     On information and belief, the First Provisional does not teach or disclose a step including "applying the algorithm engine to the additional data."

46.     On information and belief, the First Provisional does not teach or disclose a step including "marking the exceptions as valid exceptions when output of the algorithm engine validates the exceptions."

On information and belief, the First Provisional does not teach or disclose a step step wherein an "algorithm engine identifies a pattern of financial risk."

48.     On information and belief, the applicant did not disclose any references during the pendency of the First Provisional, either in the text of the specification or in an Information Disclosure Statement ("IDS").

**The Second Provisional**

49.     On information and belief, the Second Provisional was filed on July 10, 2008 by named inventor Chadwick Glenn Jenkins.

50.     On information and belief, the specification (including the Abstract) of the Second Provisional, as originally filed, comprised 5 written pages and 3 figures.

51.     On information and belief, the specification of the First Provisional does not contain the words "alogorithm," or "algorithm engine."  Its only mentions of "risk" are limited to; 1) reducing "the risk of extending credit to consumers;" 2) that "consumer credit score is a numerical reflection of a consumer's loan repayment risk;" and 3) that "some Creditors utilize proprietary scorecards in conjunction with credit scores to assess future payment performance and risks with lending to a consumer."

52.     On information and belief, the First Provisional does not teach or disclose a step including "applying an algorithm engine to the financial account data."

Compl.                                                                                    15cv_____

53.    On information and belief, the First Provisional does not teach or disclose a step including "applying the algorithm engine to the additional data."

54.    On information and belief, the First Provisional does not teach or disclose a step including "marking the exceptions as valid exceptions when output of the algorithm engine validates the exceptions."

55.    On information and belief, the First Provisional does not teach or disclose a step wherein an "algorithm engine identifies a pattern of financial risk."

56.    On information and belief, the applicant did not disclose any references during the pendency of the Second Provisional, either in the text of the specification or in an Information Disclosure Statement ("IDS").

**The Abondoned Application**

57.    On information and belief, the Abandoned Application was filed September 16, 2008 by named inventor Chadwick Glenn Jenkins.

58.    On information and belief, the specification (including the Abstract and Claims) of the Abandoned Application, as originally filed, comprised 38 pages of text and 23 figures.

59.    On information and belief, the Abandoned Application is not a continuation of either the First Provisional or the Second Provisional, or both. It adds new matter.

60.    On information and belief, the only mentions of "algorithm" in the Abandoned Application are to: "conversion algorithms [that] may be used in order to convert electronically obtained and stored data into ("EAC") data structures."

61.    On information and belief, the First Provisional does not teach or disclose a step including "applying an algorithm engine to the financial account data."

62.    On information and belief, the First Provisional does not teach or disclose a step including "applying the algorithm engine to the additional data."

Compl.                                                                    15cv_____

63.     On information and belief, the First Provisional does not teach or disclose a step including "marking the exceptions as valid exceptions when output of the algorithm engine validates the exceptions."

64.     On information and belief, the First Provisional does not teach or disclose a step wherein an "algorithm engine identifies a pattern of financial risk."

65.     On information and belief, the applicant did not disclose any references during the pendency of the Abandoned Application, either in the text of the specification or in an Information Disclosure Statement ("IDS").

66.     On information and belief, in an Office Action dated February 28, 2011, the USPTO rejected all claims of novelty for the claims in the Abandoned Application, citing, *inter alia*, patent applications published between 1999 and 2008. FormFree did not respond and that application went abandoned.

### **The '411 Application**

68.     On information and belief, the '411 Application was filed January 20, 2012 by Nigamnarayan Acharyan ("Prosecuting Counsel"), then at Barnes & Thornburg LLP, now at Seyfarth Shaw LLP (identified by FormFree as a "Strategic Partner" of FormFree) naming inventors Chadwick Glenn Jenkins and Brent A. Chandler.

69.     On information and belief, as filed, the specification (including the Abstract and Claims) of the '411 Application comprised 52 pages of text and 24 figures.

70.     On information and belief, the '411 Application claimed priority to the First Provisional, the Second Provisional, and the Abandoned Application.

71.     On information and belief, the specification of the '411 Application included, at page 5, line 14, through page 6, line 15, a description of "exemplary" and/or "preferred" embodiments that included, *inter alia*, an "algorithm engine" which could "be programmed with knowledge of patterns of risk of financial risk."

9

"The algorithm engine can also be programmed to know additional information regarding proprietary strategies to detect exceptions."  "Using knowledge of financial risk or risky behaviors that have been programmed, the algorithm engine can identify exceptions."

72.     On information and belief, the specification of the '411 Application included, at page 5, line 14, through page 6, line 15, a description of an exemplary embodiment that includes, *inter alia*, the steps of: "validating the financial account data by applying an algorithm engine to the financial account data to identify exceptions" (the "first validation step"); "confirming the exceptions by collecting additional data and applying the algorithm engine to the additional data" (the "confirm, gather, and re-apply step"); "marking the exceptions as valid exceptions when output of the algorithm engine validates the exceptions" (the "second validation step"); and "generating a report from the financial data and the valid exceptions" (the "report step").

73.     On information and belief, the '411 Application is not a continuation of any and/or all of: the First Provisional, the Second Provisional, and/or the Abandoned Application.  It adds new matter.

74.     On information and belief, FormFree has never informed the USPTO that the '411 Application is not a continuation of the Abandoned Application, or the First Provisional, or the Second Provisional.

75.     On information and belief, FormFree is aware that the '411 Application is a continuation-in-part of the Abandoned Application, but has never disclosed that to the USPTO.

76.     On information and belief, FormFree, through Prosecuting Counsel, is aware and/or should be aware that no claim that was pending in the '411 Application is entitled to a priority date prior to January 20, 2012, but never disclosed that to the USPTO.

77.    On information and belief, the applicant did not disclose any references when the '411 Application was originally filed, either in the text of the specification or in an Information Disclosure Statement ("IDS").

78.    On information and belief, during the pendency of the '411 Application, the applicant did not disclose any references to the USPTO as being potentially material.

79.    To obtain the '243 patent, FormFree, through Prosecuting Counsel, distinguished the claims of the '243 patent from a number of prior references, including but not limited to "U.S. Patent Publication No. 2003/0212615 to Whitehead" ("Whitehead"), "U.S. Patent No. 7,778,915 to Angle" ("Angle"), "U.S. Patent Publication No. 2004/0205011 to Northington" ("Northington"), and "U.S. Patent Publication No. 2004/0111359 to Hudock" ("Hudock").

80.    In an Office Action dated December 20, 2012, the USPTO rejected all pending claims in the '411 Application as lacking novelty in light of applications published earlier: Whitehead and Zucchetti (both of which had been cited against the Abandoned Application); and Angle.

81.    On information and belief, FormFree, through Prosecuting Counsel and named inventor Brent Chandler, went personally to the USPTO on March 28, 2013 for an Applicant-Initiated Interview.  In that Interview, FormFree argued that the claims of the '411 Application, including in particular the following steps, "were not taught" by Whitehead and Angle:

"(d)    validating the financial account data by applying an algorithm engine to the financial data to identify exceptions, wherein the exceptions indicate incorrect data or financial risk;" and

"(e)    confirming the exceptions by collecting additional data and applying the algorithm engine to the additional data."

Compl.                                                                                         15cv_____

82.     On information and belief, subsequently, in a Response and Amendment filed June 20, 2013 (the "June Response"), FormFree, through Prosecuting Counsel, amended its claims to include, inter alia that "the method is computer implemented" and argued that Claim 1 "includes the limitation of providing certified financial data indicating financial risk about an individual," and that "the word 'risk' is not mentioned a single time" in Whitehead.

83.     On information and belief, in the June Response, FormFree, through Prosecuting Counsel, amended its claims and argued "[t]he methods include a [sic] algorithm engine identifies [sic] a pattern of financial risk."  FormFree continued to distinguish the references by arguing that neither "disclose a method involving an algorithm capable of identifying patterns of risk," and that "[t]he process of reconciliation . . . is different from analysis of risk."

84.     On information and belief, in the June Response, FormFree, through Prosecuting Counsel, argued "[t]he method includes an algorithm engine that implements one or more of [sic] rules associated with financial analysis," "financial reporting," "risk analysis," "risk reporting," and "financial scoring."

85.     On information and belief, in an Office Action dated August 27, 2013 (the "August OA"), the USPTO again rejected all pending claims of the '411 Application on several bases, including that the claims were directed to an abstract idea, and hence not patentable subject matter, and were not novel in light of Whitehead and U.S. Patent No. 7,480,631 to Merced ("Merced"), also mentioning Zucchetti.

86.     On information and belief, FormFree, through Prosecuting Counsel, responded to the August OA with a Response and Amendment dated November 27, 2013 (the "November Response").  In the November Response, FormFree amended Claim 1 to explicitly require that steps (c), (e), (f), and (g) are implemented using a computer or computers.

87.    In the November Response, FormFree, through Prosecuting Counsel, argued that Whitehead "does not disclose a method involving an algorithm capable of identifying patterns of risk," and that "[t]he process of reconciliation (i.e., *making data consistent*) is different from analysis of risk."

88.    In the November Response, FormFree, through Prosecuting Counsel, argued that Merced discloses "automatic detection of transactions that have a high risk of being fraudulent," and that Merced "provides an automatic detection process for detected [sic] of potentially fraudulent transactions based upon the characteristics of those transactions."  FormFree argued "[t]his is analysis of individual transactions (not even multiple transactions), and plainly is not assessing an account as a whole."

89.    On information and belief, in the November Response, FormFree, through Prosecuting Counsel, argued that Whitehead and Merced "are directed at identifying particular items that are apparently defective, neither one nor the combination is directed to assessing the overall level of financial risk or quality."

90.    On information and belief, in an Office Action dated December 23, 2013, the USPTO again rejected all pending claims, as then amended, as not novel in light of Northington in view of Hudock.

91.    On information and belief, FormFree, through Prosecuting Counsel filed a Response and Amendment dated February 17, 2014 (the "2014 Response"). With the 2014 Response, FormFree sent in an affidavit from its Chief Technical Officer (the "CTO Affidavit") in which he declared that he had "done research" and "been actively employed in the field of financial data analysis and credit risk analysis technologies for at least ten (10) years," and was the named inventor on several patents.

13

92.     On information and belief, the CTO Affidavit declared that Northington "is directed to a method for an open-architecture system [that automatically] consolidates information from a plurality of financial systems into a single accounting system without the need for expensive and time-consuming manual backroom procedures."

93.     On information and belief, the CTO Affidavit declared that Hudock "is directed to a method for automating the process used by an individual for viewing and requesting correction of data that is the basis of a credit score" involving "analysis of individual transactions," and that the "method [is] directed to reconciling contradictions between data sources or complaints of inaccuracy."

94.     On information and belief, FormFree's Chief Technical Officer also declared, with reference to the Northington and Hudock, that "neither one nor the combination is directed at <u>assessing</u> the overall level of risk or quality of multiple accounts."

95.     On information and belief, in keeping with the CTO Affidavit, FormFree, through Prosecuting Counsel, again argued to the USPTO regarding the limitations of its claims, including that they "include an algorithm engine that identifies a pattern of financial risk," and "an algorithm engine that implements one or more rules associated with financial analysis," "financial reporting," "risk analysis," "risk reporting," and "financial scoring."  FormFree argued that neither Northington nor Hudock, nor the combination "is directed at <u>assessing</u> the overall level of risk or quality of multiple accounts."

96.     On information and belief,  FormFree, through Prosecuting Counsel, characterized Northington as being "directed to a method for an open-architecture system [that] automatically consolidates information from a plurality of financial systems into a single accounting system," as part of a "process or program."

Compl.                                                                                    15cv_____

97.     On information and belief, FormFree, through Prosecuting Counsel, characterized Hudock as "a method of verifying the information on which credit scores," and "directed to a method for automating the process for viewing and requesting correct of data."

98.     On information and belief, the USPTO issued a Notice of Allowance (the "Notice"), rescinding the rejection of obviousness "in view of the applicant's arguments and affidavit."  In the Notice, the USPTO stated that the '411 Application "is directed towards indicating financial risk."

99.     On information and belief, FormFree, through Prosecuting Counsel, is aware and/or should be aware that no allowed claim in the '411 Application or '243 patent was or is entitled to a priority date prior to January 20, 2012, but never disclosed that to the USPTO.

100.    On information and belief, the Notice specifically recited that the prior art of record did not appear to disclose or teach: first validation step; the confirm, gather, and re-apply step; the second validation step; the report step; and that "the algorithm engine identifies a pattern of financial risk."

## **FORMFREE'S PATENT MISUSE**

101.    On information and belief, FormFree, through Prosecuting Counsel and its CTO, is aware that a variety of publications predating any purported application to which the '243 patent does or can claim priority, which disclose a method or methods "that electronically certifies account information," including but not limited to Whitehead, Zucchetti, and Hudock.

102.    On information and belief, FormFree, through Prosecuting Counsel represented to the USPTO in the November Response that Whitehead "states that the process or program is for tracking the actions of the user responsible for the financial data so that a business can manage large amounts of data."

Compl.                                                                    15cv_____

104.   Whitehead is entitled "Method, computer program product and system for verifying financial data" and states: "[t]he businesses include not only banks, saving and loan companies, mortgage companies, investment firms, brokerage companies, insurance companies, and the like, but also any type of business that manages multiple internal and/or external accounts, regardless of the size of the business."

105.   In its letter of January 2, 2015, FormFree represents that it "has developed proprietary, pioneering technology relating to the world's first automated asset verification system for the lending industry," and that its "intellectual property covering its innovation . . . includ[es the '243 patent]."  (Ex. B at 1.)

106.   On information and belief, FormFree and its Prosecuting Counsel are aware that the purported invention(s) of the '243 patent is neither pioneering nor the world's first "automated asset verification system," nor even the first suitable for use by the lending industry.

107.   In its letter of January 2, 2015, FormFree, through Prosecuting Counsel, allege that Clarilogic's IAV service infringes the '243 patent.  (*See* Ex. B at 1-6.)  The letter does not identify any other patent.  (*See* Ex. B at 1-6.)

108.   On information and belief, FormFree, through Prosecuting Counsel, is aware that the claims of the '243 patent do not and can not read on "any . . . service that electronically certifies account information."

109.   On information and belief, FormFree, through Prosecuting Counsel, is aware that the claims of the '243 patent do not and can not cover "any . . . service that electronically certifies account information."

110.   On information and belief, FormFree, through Prosecuting Counsel, is aware that the claims of the '243 patent do not and can not cover all "service[s] that electronically certifies account information."

Compl.                                                                          15cv_____

111.   In its letter of January 2, 2015, FormFree, through Prosecuting Counsel, "demand that [Clarilogic] immediately cease any further use, sale and advertising of IAV *or any other service that electronically certifies account information*."  (Ex. B at 5 [emphasis added].)

112.   In its letter of January 2, 2015, FormFree, through Prosecuting Counsel, states FormFree "require[s] [Clarilogic's] favorable response and compliance . . . no later than the close of business on January 9, 2015," and threatens that, if [Clarilogic] "fail[s] to comply with this letter, FormFree will seek any and all remedies afforded under the law."  (Ex. B at 5.)

113.   In its letter of January 2, 2015, FormFree, through Prosecuting Counsel, represents that [Clarilogic] "may also be subject to an injunction directing [it] to immediately stop providing this service."

114.   On information and belief, FormFree made the foregoing representations and threats with an anti-competitive intention to cause Clarilogic to surrender rights exceeding those FormFree could ever hope to lawfully obtain through its patent rights with the purpose of shutting down Clarilogic's business and/or eliminating and/or reducing competition.


## COUNT I
## Declaratory Judgment of Unenforceability

116.   Clarilogic realleges Paragraphs 1 through 114.

117.   Clarilogic respectfully submits that FormFree's demand that Clarilogic cease offering "any . . . service that electronically certifies account information," as alleged herein constitutes patent misuse, justifying declaratory judgment that the '243 patent is unenforceable and the other relief sought herein.

17

## COUNT II

### Declaratory Judgment of Invalidity

118.   Clarilogic realleges Paragraphs 1 through 114.

119.   Clarilogic alleges that each of the claims of the '243 patent is invalid for failing to comply with the conditions and requirements for patentability as set forth in Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.  Specifically, but without limitation:

> (a)   the subject matter of the claimed invention of the '243 patent is not patentable subject matter;

> (b)   the claimed invention of the '243 patent was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention;; and/or the claimed invention was described in an issued, or in an application for patent published or deemed published, in which the patent or application, as the case may be, names another inventor and was effectively filed before the effective filing date of the claimed invention;

> (c)   the applicants themselves did not invent the subject matter sought to be patented in the '243 patent;

> (d)   the subject matter sought to be patented in the '243 patent and the prior art are such that the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains and/or are not patentable subject matter; and

Compl.                                                                                                    15cv_____

(e)   the specification of the '243 patent fails to contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

## COUNT III

### Declaratory Judgment of Non-Infringement

120.   Clarilogic realleges Paragraphs 1 through 114.

121.   Clarilogic has not infringed, is not now infringing, and has not threatened to infringe the '243 patent.

19.   Clarilogic has not contributed to the infringement, and is not now contributing to the infringement of the '243 patent.

20.   Clarilogic has not induced others to infringe, and is not now inducing others to infringe the '243 patent.

Compl.                                                                    15cv_____

## **PRAYER**

WHEREFORE, Clarilogic prays for:

1.    A declaration that:

    A.    The '243 patent, and each and every claim thereof, is invalid, unenforceable, void, and without force and effect;

    B.    Clarilogic has not infringed or induced infringement of the '243 patent, nor has it contributed to any alleged infringement thereof by others; and/or

    C.    Defendant FormFree, and its officers, agents, employees, attorneys, and licensees and all those acting in privity or concert therewith be enjoined preliminary and permanently from directly or indirectly asserting that the '243 patent or any claim thereof is infringed by Clarilogic, DecisionLogic, or any person using their products or from threatening patent infringement litigation against Clarilogic or any of its affiliates or customers, for the manufacture, sale or use of Clarilogic's products or systems.

2.    A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and award to Clarilogic its costs, expenses, and reasonable attorneys' fees; and

3.    Such other and further relief, in law or equity, as this Court deems just and proper.

Dated:  January 8, 2015          By: s/Arthur A. Wellman, Jr.
                                  Arthur A. Wellman, Jr.
                                  Attorney for Defendants/Cross-complainants

Compl.                                                                                      15cv_____

## **DEMAND FOR JURY TRIAL**

Plaintiff Clarilogic demands trial by jury of all causes of action herein properly triable to a jury, consistent with Federal Rule of Civil Procedure 38.

Dated:  January 8, 2015 By: s/Arthur A. Wellman, Jr.

Arthur A. Wellman, Jr.
Attorney for Defendants/Cross-complainants